## BLACK v BURTON et

Ohio Appeals, 8th Dist, Cuyahoga Co

No 16122. Decided March 22, 1937

Herbert, Laylin, Carr & Graham, Cleveland, for plaintiff-appellant.

Alfred Clum, Cleveland, Henry H. Brainard, Cleveland, Chas. W. White, Cleveland, for defendants-appellees.

Phillips & Falsgraf, Cleveland, amici curiae.

MONTGOMERY, PJ, SHERICK and LEMERT, JJ, (5th Dist) sitting by designation

## OPINION

By MONTGOMERY, PJ.

The sole question in this case is the validity or invalidity of an order issued by the Civil Service Commission of the City of Cleveland on or about January 25, 1937. The plaintiff, appellant, brought his action in the Common Pleas Court, on behalf of himself and approximately sixty others similarly situated, and in his amended petition he prayed that the defendant, Harold H. Burton, as mayor of the city of Cleveland, and the other administrative officers, be enjoined from complying with the aforesaid order of the Civil Service Commission, and that the defendant members of the Civil Service Commission be enjoined from carrying their order into effect. Specifically the prayer of the amended petition is that the defendants be enjoined from discharging plaintiff and those similarly situated from the employment which they now enjoy.

The issue having been determined adversely to the plaintiff in the Common Pleas Court, he perfected to this court an appeal on questions of law and fact, and the cause is submitted to this court upon a transcript of the evidence taken in the Common Pleaes Court.

The record shows that plaintiff and those for whom he sues are Assistant W.P.A. Supervisors. The so-called W.P.A. governmental agency, has been and is engaged in assisting the City of Cleveland in many and varied projects including paving and sewer projects, furnishing labor in accordance with its national policy, and the City of Cleveland by contract furnishing certain materials. The city by its contracts, reserves the right to and does designate a supervisor and assistant supervisors to see that the federal authorities carry out these projects in accordance with the contracts. These assistant supervisors, of whom the plaintiff is one, are paid by the city and responsible to the city only.

On complaint being filed with the Civil Service Commission of the City of Cleveland in December, 1936, the Commission, after hearing, made a finding with reference to various projects then in the course of completion in the City of Cleveland, and as to some of these projects found that the so-called W.P.A. assistant supervisors were performing work customarily and properly performed by sewer inspectors and by paving inspectors, but as to other jobs or projects they were performing work not included in any of these classifications. In other words, the finding was that as to some of these projects there were properly qualified and eligible, and unemployed men available who should be employed rather than these assistant supervisors for the work then being performed by the latter, but that as to certain other of the projects these assistant supervisors were properly employed, there being no classified unemployed men available.

The order of the Commission recited that

"Unless adjustments are made in accordance with this opinion by February 1st, 1937, the Commission will not certify the salaries of the employees involved on future payrolls."

Counsel for the defendants, the administrative officers of the City of Cleveland,

stated in open court that unless otherwise instructed, they intend to comply with the order of the Civil Service Commission, but they are in effect non-combatants, taking the position that they are ready to employ either the plaintiff and his associates or the eligible sewer and paving inspectors for the jobs for which they are available.

It is contended on behalf of the appellant that the Civil Service Commission is without authority to make this order, and that if it did have the authority, it was, when making the order, guilty of an abuse of discretion. It seems to us needless to recite in detail the provisions of the Charter of the City of Cleveland. A study of the provisions applicable to the Civil Service Commission seems to us clearly to show the right and jurisdiction of that Commission to make the order. Furthermore we cannot find that this order of January 25, 1937 constituted any revocation of a previous order, or was in any sense inconsistent with the previous orders of the Commission.

As we view it, under the Charter, the Commission is vested with power to inquire into or hear complaints of violations of the Civil Service laws. It is quite conceivable that the situation might exist, as it is contended does exist in the instant case, of men being employed at a given time on jobs on which they were properly employed and a few months later being transferred to other positions for which positions men should have been taken from the eligible lists.

Was the Commission, in the issuance of this order, guilty of an abuse of discretion? We cannot so find. The record shows clearly that some of the individuals for whom the plaintiff sues were in fact performing the duties of sewer inspectors and paving inspectors, and that there are available on eligible lists of the City of Cleveland sewer and paving inspectors who are entitled to preference on the particular projects involved. Because the work in these given instances is being done under W.P.A. program, the nature and character of the work is not changed. The projects are still sewer and paving projects. The duty of the inspectors representing the City of Cleveland would be the same whether the work were being performed by W.P.A. workmen or by private contractors. As stated by the Supreme Court in the case of **State ex, etc. v Auditor, 121 Oh St 466**, at page 469:

"However, it must be clear that a mere title is not at all conclusive. The true test is the duty actually delegated to and performed by an employee."

We see no merit in the contention that the positions are essentially different because of the difference in the hourly wage between employees assigned to W.P.A. service and those assigned otherwise. The power is vested in the Board of Control to determine salaries and compensation of employees of the city and we see no complications arising in this respect from compliance with the order of the Commission.

From a study of this record we are clearly convinced that the Civil Service Commission of the City of Cleveland did not abuse its discretion, and that the order which it issued was neither unfair, illegal nor complicated.

It follows that there may be decree for defendants, dismissing the petition of plaintiff. Motion for new trial if filed will be overruled. Exceptions may be noted.

SHERICK and LEMERT, JJ, concur.